UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS,

                              Petitioner,

                 v.                                  6:99-CV-1603
                                                                             (FJS)

M.P. MCGINNIS, Superintendent Southport
Facility; and ELIOT SPITZER, Attorney
General State of New York,

                              Respondents.

---

**APPEARANCES**

**SANDERS LAMONT ADAMS**
93-A-7902
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-500
Petitioner *pro se*

**SCULLIN, Chief Judge**

## ORDER

       On July 29, 1999, Petitioner Sanders Lamont Adams filed a petition for a Writ of Habeas Corpus with the United States District Court for the Western District of New York.[1] *See* Dkt. No. 1. By Order dated September 27, 1999, that court transferred the petition to this District. *See* Dkt. No. 5. Subsequently, this Court dismissed the petition because Petitioner had failed to exhaust his claims in state court. *See* Dkt. No. 7. Petitioner appealed that dismissal to the Second Circuit Court of Appeals. *See* Dkt. No. 8. The Second Circuit dismissed the appeal on

---

[1] The Court notes that Petitioner is an experienced litigator who has filed twenty-one actions in this District as of May 12, 2004, including nineteen petitions for a Writ of Habeas Corpus.

August 7, 2002, because Petitioner had not requested a certificate of appealability from this Court. *See* Dkt. No. 9.

On January 27, 2005, nearly two and one-half years after the Second Circuit dismissed his appeal, Petitioner filed a motion "for reconsideration and to set aside the November 23, 1999 judgment and final order."[2] *See* Dkt. No. 12 at 2. Petitioner's motion is rambling and largely unintelligible and does not set forth any basis that would warrant this Court's reconsideration of its dismissal of his habeas petition or any other relief with respect to that dismissal. Rather, Petitioner states that he seeks consolidation of the many "related" cases he has filed in this District and recharacterization of those habeas cases as actions pursuant to 42 U.S.C. § 1983. *See id.* Petitioner further asserts that he is seeking a temporary restraining order, a preliminary injunction, judgment as a matter of law, and sanctions against Respondents. Petitioner, however, does not offer any support or explanation as to why he is entitled to the relief he seeks.

Nonetheless, in light of Petitioner's *pro se* status, the Court has reviewed his motion to determine if he has established any of the factors that would permit the Court to grant his motion as either a motion to reconsider or a motion to vacate and finds that he has not.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

---

[2] Petitioner filed fifteen motions to vacate or for reconsideration, in fourteen different cases, in this District between December 9, 2004, and March 23, 2005.

Petitioner has not established that any of these three factors support his request for reconsideration. Therefore, because Petitioner has not set forth any meritorious basis for the Court to reconsider its November 23, 1999 Order, the Court must deny his motion to the extent that it is construed as a motion for reconsideration.

As noted, the Court has also reviewed Petitioner's motion as one seeking to vacate this Court's November 23, 1999 Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) sets forth the following six grounds upon which a court can grant relief from a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (holding that "[a] motion to vacate a judgment under Fed. R. Civ. P. 60(b) is addressed to the sound discretion of the trial court . . . ."

(citations omitted)).³

The Court finds that Petitioner has not established that any of these factors support his motion. Moreover, Petitioner has not included anything in his present submissions to suggest that this Court's dismissal of this action was in any way erroneous. Therefore, because Petitioner has not set forth any basis for the vacation of this Court's November 23, 1999 Judgment, the Court denies his motion.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration or to vacate is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner by regular mail.

**IT IS SO ORDERED.**

Dated: April 13, 2005
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

³ The Court also notes that Petitioner's motion to vacate is untimely. Pursuant to Rule 60(b), a party must file a motion to vacate "within a reasonable time" or "not more than one year after the judgment," depending upon which ground the movant relies to support his motion. *See* Fed. R. Civ. P. 60(b). The Court concludes that the approximately five years that have passed since this Court's dismissal of Petitioner's petition clearly exceed the amount of time that is "reasonable" for the filing of such a motion.